IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AARON YARBROUGH, et al., Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS INDICTMENT<br><br>Case No. 4:20-cr-00022-DN-DBP-3<br><br>District Judge David Nuffer |

Defendant Aaron Yarbrough seeks dismissal of the Indictment[1] arguing that the government cannot prove the charges against him beyond a reasonable doubt, and that his right to a speedy trial has been violated.[2] Because the Indictment is valid on its face and there are disputed factual issues that are proper for a jury to resolve at trial, and because Mr. Yarbrough's speedy trial rights have not been violated, Mr. Yarbrough's Motion[3] is DENIED.

## DISCUSSION

### The Indictment is valid on its face and there are disputed factual issues that are proper for a jury to resolve at trial

"Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion."[4] "An indictment should be tested solely on the basis of the allegations mode on its face, and such allegations are to be taken as true."[5] "An indictment is deemed constitutionally sufficient if it (1)

---

[1] Docket no. 37, filed Feb. 5, 2020.

[2] Defendant Aaron Yarbrough's Motion to Dismiss Indictment ("Motion"), docket no. 85, filed Oct. 12, 2020.

[3] *Id.*

[4] *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994).

[5] *Id.*

contains the essential elements of the offense intended to be charges, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense."[6] And "[c]ourts should refrain from considering evidence outside the indictment when testing its legal sufficiency."[7]

However, the Tenth Circuit Court of Appeals has recognized an exception to these general principles, "where the underlying facts [are] essentially undisputed and the government fail[s] to object to . . . evidence beyond the four corners of the indictment."[8] "Under this [limited] scenario, a pretrial dismissal is essentially a determination that, *as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt."[9]

The Indictment charges Mr. Yarbrough with one count of Possession of Methamphetamine with Intent to Distribute and one count of Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[10] The Indictment is valid on its face, and Mr. Yarbrough does not challenge the constitutional sufficiency of the Indictment.

Mr. Yarbrough instead argues that the Indictment should be dismissed because the government cannot prove the charges against him beyond a reasonable doubt.[11] Mr. Yarbrough asserts several facts and presents evidence outside the four corners of the Indictment to support

---

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*. at 1088 (emphasis in original).

[10] Indictment at 1-3.

[11] Motion at 9-14.

2

his argument.[12] The government disputes some of these facts and asserts other facts, which the government argues support the charges against Mr. Yarbrough.[13]

Among the undisputed facts asserted by the parties are: On or about January 26, 2020, Mr. Yarbrough travelled by car from Michigan to California with co-defendants Lutcher and Pratt, who lived in Indiana.[14] The three men attended the Kobe Bryant memorial and picked up co-defendant Valenzuela in California.[15] The four men were then returning to Indiana on January 29, 2020, when their Chevrolet Sonic was stopped by law enforcement in Utah for having no visible registration.[16] An officer searched the vehicle and discovered methamphetamine and fentanyl bundled in a sweater behind a panel underneath the vehicle's center console.[17] The quantity of the controlled substances far exceeds what would be considered a personal use amount.[18] A subsequent search of Mr. Yarbrough's phone revealed a message thread that officers believe to be consistent with narcotics distribution.[19] And Mr. Yarbrough has multiple prior drug convictions, including convictions for cocaine, marijuana, heroin, and MDMA possession.[20]

Mr. Yarbrough also presents statements from himself and his co-defendants regarding his reasons for travelling to California and his lack of knowledge of the controlled substances in the

---

[12] Motion at 4-8.

[13] Response to Motion to Dismiss Indictment ("Response") at 3-4, docket no. 86, filed Oct. 26, 2020.

[14] Motion ¶ 1 at 4.

[15] *Id.* ¶¶ 7-8 at 5.

[16] *Id.* ¶ 2 at 4, ¶ 12 at 5.

[17] *Id.* ¶ 14 at 5-6.

[18] Response at 4.

[19] Motion ¶¶ 18-19 at 6.

[20] Response at 3.

vehicle.[21] But these statements are subject to credibility determinations that cannot properly be made in a pretrial setting. These determinations are for a jury to make at trial.

On this record, it cannot be determined as a matter of law that the government is incapable of proving its case. It can be inferred that as a passenger in the subcompact car, Mr. Yarbrough was in close proximity (within reaching distance) and had the ability to control the controlled substances. It may also be found from the undisputed facts that Mr. Yarbrough knowingly and intentionally possessed the controlled substances, and that he did aid and abet in their possession. And Mr. Yarbrough's intent to distribute the controlled substances may be inferred from their quantity.[22] Therefore, pretrial dismissal of the Indictment against Mr. Yarbrough is not appropriate.

### Mr. Yarbrough's speedy trial rights have not been violated

The Speedy Trial Act requires that a criminal trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."[23] However, the Act permits the exclusion of time for various reasons, including:

> A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.[24]

> Any period of delay resulting from a continuance . . . [based on] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[25]

---

[21] Motion ¶ 4 at 4, ¶¶ 16-17 at 6, ¶¶ 21-22 at 6-7, ¶¶ 25-28 at 7-8.

[22] *United States v. King*, 485 F.2d 353, 357 (10th Cir. 1973).

[23] 18 U.S.C. § 3161(c)(1).

[24] *Id.* § 3161(h)(6).

[25] *Id.* § 3161(h)(7)(A).

The Indictment against Mr. Yarbrough was publicly filed on February 5, 2020. Mr. Yarbrough first appeared in court on the Indictment on February 7, 2020.[26] Therefore, Mr. Yarbrough's speedy trial clock began on February 7, 2020.[27]

A 3-day jury trial was originally set to begin April 13, 2020.[28] However, the trial was continued to August 17, 2020, based on the granting of a co-defendant's motion to continue and a finding that "the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial."[29] Time was excluded from the speedy trial clocks for all Defendants in this case from March 16, 2020, through August 17, 2020.[30]

Additionally, due to issues relating to the coronavirus outbreak in Utah and nationwide, the District of Utah enter General Orders 20-009, 20-012, 20-017, 20-021, 20-026, 20-029, and 20-030. These General Orders vacated all criminal jury trials and excluded time in all criminal cases under the Speedy Trial Act based on the "ends of justice" from March 16, 2020, through February 1, 2021.

Specific to this case, the parties were directed to report on how much time they would need to effectively prepare for trial, taking into account the exercise of due diligence, following the lifting of restrictions on in-court proceedings.[31] Mr. Yarbrough's co-defendants and the

---

[26] Minute Entry for Proceedings Held Before Magistrate Judge Evelyn J. Furse, docket no. 47, filed Feb. 4, 2020.
[27] 18 U.S.C. § 3161(c)(1).
[28] Minute Entry for Proceedings Held Before Magistrate Judge Evelyn J. Furse, docket no. 47, filed Feb. 4, 2020.
[29] Order to Continue Jury Trial at 3-4, docket no. 74, filed March 17, 2020.
[30] Id.
[31] Docket Text Order, docket no. 80, filed Aug. 3, 2020.

government agreed that 120 days would be needed.[32] Mr. Yarbrough objected and indicated his intent to seek dismissal of the charges against him or severance of the trial.[33]

Mr. Yarbrough was directed to file motions to dismiss or for severance of trial "as he feels appropriate."[34] But to date, Mr. Yarbrough has not filed a motion for severance of the trial. An order continuing trial to December 14, 2020 entered on August 12, 2020, which excluded time for all Defendants in this case under the Speedy Trial Act based on the "ends of justice."[35] And an order entered on November 2, 2020, continuing trial to a date that is 120 days after the court is open for trials.[36] That order excluded time for all Defendants in this case under the Speedy Trial Act based on the "ends of justice."[37]

Through both General Order and orders specific to this case, time has been excluded from Mr. Yarbrough's speedy trial clock from March 16, 2020, through a date that is 120 days after the court is open for trials. Mr. Yarbrough does not challenge the sufficiency of the "ends of justice" findings that resulted in the exclusions of time from his speedy trial clock. Rather, he argues only that it is a miscarriage of justice to allow him to be detained pending trial on an Indictment that should not been filed against him and cannot be proven. This argument lacks merit. Mr. Yarbrough has not sought severance of the trial. And the "ends of justice" findings of the General Orders and the orders specific to this case are sufficient. The exclusions of time are proper.

---

[32] Joint Status Report, docket no. 81, filed Aug. 10, 2020.

[33] Status Report on Behalf of Defendant Aaron Yarbrough, docket no. 82, filed Aug. 10, 2020.

[34] Docket Text Order, docket no. 83, filed Aug. 12, 2020.

[35] Memorandum Decision and Order Continuing Trial and Excluding Time Under the Speedy Trial Act, docket no. 84, filed Aug. 12, 2020.

[36] Memorandum Decision and Order Continuing Trial and Excluding Time Under the Speedy Trial Act, docket no. 87, filed Nov. 2, 2020.

[37] *Id.*

Therefore, a total of 38 days (from February 7, 2020, to March 16, 2020) have run on Mr. Yarbrough's speedy trial clock, and his speedy trial rights have not been violated.

## ORDER

IT IS HEREBY ORDERED that Mr. Yarbrough's Motion[38] is DENIED.

Signed November 9, 2020.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[38] Docket no. 85, filed Oct. 12, 2020.